IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIP VANTILBURG,<br><br>                    Plaintiff,<br><br>    vs.<br><br><br>UNITED STATES OF AMERICA<br><br>                    Defendant. | **4:25CV3055**<br><br><br>**PROTECTIVE ORDER** |

This matter is before the Court on the parties' Joint Motion for a Privacy Act Protective Order. Filing No. 37. The parties have entered into a stipulation regarding the exchange of information protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a. After conferring with the parties, and for good cause shown, the motion, Filing No. 37, is granted.

IT IS ORDERED that, in accordance with the terms of this Privacy Act Protective Order and pursuant to 5 U.S.C. § 552a(b)(12), Defendant is authorized to release to counsel for Plaintiff, and to the Court, records related to this matter that contain unredacted identifying information of Plaintiff, Defendant's employees, and, where appropriate and allowable by law, third parties, without obtaining prior written consent. Such disclosure is subject to the following conditions:

1.      In the course of this litigation, the parties anticipate the production of documents containing identifying information relating to the parties, including information relating to third parties not participating in this lawsuit. The Privacy Act of 1974, 5 U.S.C. § 552a, regulates the collection, maintenance, use, and dissemination of personal information

1

by federal agencies and prohibits such agencies from disclosing personal information except under certain exceptions. See 5 U.S.C. § 552a(b).

2.    A court of competent jurisdiction may order the disclosure of materials protected by the Privacy Act. *See* 5 U.S.C. § 552a(b)(12).

3.    To facilitate the exchange of documents without undermining the purposes of the Privacy Act, Defendant agrees to produce to Plaintiff unredacted records relating to this action, including, where appropriate and allowable by law, identifying information of third parties. These materials may be used solely for purposes of this litigation.

4.    In accordance with this Order and pursuant to 5 U.S.C. § 552a(b)(12), Defendant is authorized to release to counsel for Plaintiff, and to the Court, records subject to 5 U.S.C. § 552a(b), including material containing unredacted identifying information of Defendant, its employees and contractors, and, where appropriate and allowable by law, third parties, without obtaining prior written consent.

5.    The documents, including information regarding third parties necessary for this litigation, shall be provided for review by the parties (or their counsel) in strict confidence. Access shall be limited to the parties, their counsel, expert witnesses employed by counsel, paralegals, and any other persons mutually agreed upon by counsel. Any person having access shall be informed that the materials are confidential and subject to this Order. Except as provided herein, no person with access shall make public disclosure of the materials or any information contained therein without further order of the Court or stipulation of the parties.

6.    If any documents are filed with the Court in connection with motions

or other matters, the parties shall protect identifying and other private information in compliance with Federal Rule of Civil Procedure 5.2 and any applicable Local Rules.

7.     Any motion to file documents under restricted access shall comply with the Local Rules of the United States District Court for the District of Nebraska.

8.     This order applies only to copies of the treating providers' CVs at Bates D_003722–D_003724, and any additional materials the parties agree to designate as subject to this Order.

9.     Any material subject to this order shall be destroyed or returned to the producing party's counsel within sixty (60) days after the conclusion of all district court and appellate proceedings. Materials obtained independently of this litigation need not be destroyed or returned. Once the designated materials are destroyed, counsel shall notify the opposing party. Counsel shall take reasonable steps to safeguard all materials subject to this Order.

10.    In the event any material subject to this Order is used in any court proceeding, it shall not lose its protected status, and the parties shall take reasonable steps to protect its confidentiality, including compliance with Rule 5.2 and applicable Local Rules.

11.    To facilitate further exchanges of documents in this litigation, the parties may designate additional materials as subject to this Order by agreement between counsel. This currently includes the treating providers' CVs at Bates D_003722–D_003724. The parties may meet and confer to designate any additional treating-provider records identified during discovery.

3

12.     This Order is without prejudice to the right of any party to make objections to discovery permitted by the Federal Rules of Civil Procedure, by statute, or by any other authority.

13.     Nothing in this Order shall be construed to preclude any party from asserting the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, nor construed as waiving any party's rights to object to such assertions or to move to compel production of materials withheld.

Dated this 26th day of May, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

4